RICHARDSON & SON VS BEAN and WASHINGTON.

*As to the bond of a constable.*

1. How far the omission of a constable to renew his bond annually, as required by statute, would be a failure to perform the duties of his office—*quære?*
2. But the statutory requirement, that these officers shall renew their bonds annually,—as affecting the liability of their sureties,—is to be considered upon the principle regulating the bonds of officers elected annually.    '
3. So, the sureties of a constable to his bond, can not be made liable for defaults of that officer, committed after the expiration of a year from the time of executing it.

On a writ of error to the Circuit Court of Tuskaloosa.

This was a motion submitted by the plaintiffs in error, for the object of testing the liability of the defendants, as sureties to the bond of a constable. The default of the constable consisted in his failure to return an execution.

The facts were these: the bond was executed on the first day of September, eighteen hundred and thirty-three, and the executions, for the failure to return which the parties were sought to be charged, went into the constable's hands on the seventh day of August, eighteen hundred and thirty-four, and were returnable on the seventh day of September thereafter.

A judgment was given for the plaintiffs, before

a justice of the peace,—and on appeal to the Circuit Court, it was rendered for defendants.

*Peck*, for the plaintiff in error—
*Crabb*, contra.

GOLDTHWAITE, J.—The defendants became sureties for one Barber, on the first of September, eighteen hundred and thirty-three, on a bond taken in conformity with the requisitions of the statute, conditioned for the faithful performance by Barber, of the duties of a constable, to which office he had been elected; but at what time, does not appear in the record before us.

The plaintiffs put in the hands of Barber, as constable, for collection, executions against several persons, which he omitted to return in due course of law, and thus made himself, (and, as it is insisted, the defendants, as his sureties,) liable for the several amounts for which the executions were issued. It appears that these executions were issued on the seventh of August, eighteen hundred and thirty-four, and returnable the seventh of September, following.

Judgment was rendered for the defendants, by the Court below, and the plaintiffs prosecute their writ of error to reverse this judgment.

Several questions have been presented and argued; but the conclusion to which we have been drawn, renders it unnecessary to notice any other than the one respecting the liability of the defendants, on the bond which they executed.

The bond itself is not set out in the record; but

RICHARDSON & SON *vs* BEAN and WASHINGTON.

it is admitted that it was given pursuant to the act
of eighteen hundred and nineteen,* which requires *Aik. Dig.
constables to enter into bond, with sufficient secu-
rity, for the faithful performance of the duties of
their office; and that *they shall annually renew their
bonds,* or on failure so to do, the Chief Justice, (now
Judge,) of the County Court shall give notice there-
of to the commanding officer of the district for
which the defaulting constable has been elected,
who shall proceed to elect another person to fill his
place, in the same manner as provided for in the
case of a vacancy.

It is contended by the plaintiffs, that this statute
is governed, and in some measure superseded, by
the act of eighteen hundred and twenty-two,† †Ib. 299.
which provides that constables *shall hold their offi-
ces for three years, and until their successors shall be
duly qualified.* And that the bond, in this case, be-
ing for the performance of the duties of the office,
must cover the whole term, unless superseded by a
new bond,—or, as the act of eighteen hundred and
nineteen considers it, a renewal of the old one.—
And, it is insisted, that the community, who have no
control over the officer, ought not to be prejudiced,
either by *his* failure to renew his bond annually, or
by that of *the Judge of the County Court,* to va-
cate his office, on such default.

These reasons are certainly not without force;
but it is unnecessary to consider how far the omis-
sion to renew the bond, would be a failure to per-
form the duties of his office, as that question can
not be considered in this case; and the only one
which can be raised, is, are the defendants liable

for any failure by Barber, to return an execution, after the thirty-first of August, eighteen hundred and thirty-four?

The several acts in relation to constables, and their duties, are unquestionably to be considered in *pari materia,* and although the *term* of the office extends to three years, there is no repugnance, or inconsistency in requiring the officer to give an annual bond. And it can be viewed in no other light, as we think, than as if given by an officer who was *elected* annually; and the same construction which would be proper, in such a case, must apply, in principle, to this.

If then it was an annual office, we consider the sureties could not be held responsible for any default committed by the officer, *after his term had expired.* The default for which the defendants are sought to be made responsible, is one which could not have been committed by Barber, until after the thirty-first of August, and is one technical in its character,—a mere default to return an execution at the proper time. If the money had have been collected by him, previous to that date, or if it, the debt, had before that time, have been lost by his negligence, the plaintiffs would have their remedy against his sureties on this bond, but in another mode; but in the case we are to decide, Barber was in no default, on the thirty-first day of August, that we can be informed of. He had, for aught which we can know, up to that time, faithfully performed all the duties of his office, and may have executed another bond, or renewed the old one; and

RICHARDSON & SON *vs* BEAN and WASHINGTON.

the defendants in this action, cannot be held responsible.

The principle on which we rest our decision, is fully supported by authority, in the case of the *People vs Jansen*,[\*] it was decided that a bond giv- [*7 Johns. R. 332.] en by a loan officer, could not be enforced against his sureties, because of the omission of the supervisors to settle with him *annually*, as provided by law.

In the case of *Hassell & Clark vs Long et al*,[†] it [†2 Maule & Selwyn 363.] was decided that a bond made by the defendants' testator, as surety for a collector of taxes, though general in its terms, must be confined to one year, it being shewn that the office was an *annual* one.

The principle of these cases, seems to be, that the obligation of the sureties, only extended to the term of one year; as in the last case, the office then terminated, and in the first, the default was then to be ascertained by others.

In this case, the obligation is in effect, an annual one, and thus within the principle of the case cited from Maule & Selwyn, and if it could by any of its terms, be extended further, the defendants might say it was the duty of another officer, to have taken a new bond, or to have taken the measures requisite to create a vacancy; and this not having been done, they might well infer, that they were discharged within the rule laid down in the case from Johnson.

The judgment must be affirmed.

COLLIER, J. not sitting.